1  Royal F. Oakes (80480), roakes@barwol.com
   Michael A.S. Newman (205299), mnewman@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California  90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Defendant
   Metropolitan Life Insurance Company
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 LINDA WREN, an Individual,        )   CASE NO.: CV 083361 MEJ
                                     )
12              Plaintiff,           )
                                     )
13       vs.                         )   NOTICE OF MOTION AND MOTION TO
                                     )   DISMISS PLAINTIFF'S FIRST AND
14 METROPOLITAN LIFE INSURANCE       )   SECOND CAUSES OF ACTION;
   COMPANY; and DOES 1 through 50,   )   MEMORANDUM OF POINTS AND
15 Inclusive,                        )   AUTHORITIES IN SUPPORT THEREOF
                                     )
16              Defendants.          )   [PENDING REASSIGNMENT TO
                                     )   DISTRICT JUDGE]
17                                   )
                                     )   Date: September 25, 2008
                                     )   Time: 10:00 a.m.
18                                   )   Courtroom B, 15th Floor (*pending
                                     )   reassignment to district judge*)
19                                   )
                                     )
20                                   )
   _____)   Complaint filed: June 2, 2008
21

22

23

24

25

26

27

28

i:\office7\7197\240\08pleadings\10 motion 2 dismissv2.doc

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 25, 2008 at 10:00 a.m., Defendant Metropolitan Life Insurance Company ("MetLife") will bring on for hearing in Courtroom B of the above entitled-court (*pending reassignment to a district court judge*), located at 450 Golden Avenue, San Francisco, California 94102, its Motion to Dismiss the First and Second Causes of Action of Plaintiff Linda Wren's ("Wren") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made on the following grounds:

1. Wren's First Cause of Action against MetLife, for Breach of The Implied Covenant of Good Faith and Fair Dealing is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

2. Wren's Second Cause of Action against MetLife, for Breach of Contract, is preempted by ERISA.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the pleadings, records and papers on file in this action, and upon any such other oral or documentary evidence as may be presented at the hearing on this motion.

DATED: August 18, 2008                    BARGER & WOLEN LLP

                                          By: /s/ Michael Newman
                                          ROYAL F. OAKES
                                          MICHAEL A.S. NEWMAN
                                          Attorneys for Defendant
                                          Metropolitan Life Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-1-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

TABLE OF CONTENTS

PAGE

1. STATEMENT OF ISSUES TO BE DECIDED .................................................................1

2. ALLEGATIONS OF THE COMPLAINT ......................................................................2

3. THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THEY ARE PREEMPTED BY ERISA ............................................................................................................................3

   A. ERISA Governs This Action..................................................................................3

      (1) CHDC's Employee Benefit Plan Falls Within The Definition Of An ERISA Governed Plan..................................................................3

      (2) The Plan Does Not Fall Within The Narrow Governmental Exception..................4

   B. Because ERISA Governs This Action, State Law Claims Are Preempted And Should Be Dismissed .................................................................7

   C. Leave To Amend Should Be Denied ....................................................................10

4. CONCLUSION..............................................................................................................10

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-i-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

## TABLE OF AUTHORITIES

PAGE

### Cases

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ............................................................... 7

*Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981) ................................................... 7

*Alley v. Resolution Trust Corp.*, 984 F. 2d 1201 (D.C. Cir. 1993 .................................... 5, 6

*Bast v. Prudential Insurance Company of America*, 150 F. 3d 1003 (9th Cir. 1998) ............ 6

*Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356-57 (9th Cir. 1984), *cert. denied*, 474 U.S. 865 (1985) ................................................................................................................................ 9

*Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) ..................................................................... 10

*Cohen v. Health Net of Cal., Inc.*, 129 Cal. App. 4th 841 (2005) ......................................... 9

*Crull v. GEM Ins. Co.*, 58 F.3d 1386 (9th Cir. 1995) ........................................................... 9

*Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) ............................................................................ 7

*Hanson v. United Life Insurance Company*, 170 F. Supp. 2d 966 (C.D. Cal. 2001) ............ 6

*Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988) ............................... 9

*McBride v. PLM International, Inc.*, 179 F.3d 737 (9th Cir. 1999) ..................................... 9

*McGraw v. Prudential Insurance Co.*, 137 F. 3d 1253 (10th Cir. 1998) ........................... 5, 6

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) .................................................... 8

*Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987) ........................................................... 9

*P.M. Group Life Insurance v. Western Growers Assurance Trust*, 953 F.2d 543 (9th Cir. 1992) ...................................................................................................................................... 7

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987 ........................................................... 7, 8

*Roberson v. Equitable Life Assur.*, 661 F. Supp. 416 (C.D. Cal. 1987) ............................... 9

*Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 87 (1983) ........................................................ 8, 9

*Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904 (9th Cir.1997) .............................. 3

*U.S. v. Rodrigues*, 237 Fed. Appx. 178 (9th Cir. 2007) ....................................................... 6

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-ii-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

**Statutes**

29 U.S.C. Section 32 .................................................................................................................. 4

29 U.S.C. Section 1001 ............................................................................................................... 1

29 U.S.C. Section 1002(1) .......................................................................................................... 3

29 U.S.C. Section 1003(b)(1) .................................................................................................. 2, 4

29 U.S.C. Section 1144(a) .......................................................................................................... 7

29 U.S.C. Section 1144(c)(1) ..................................................................................................... 8

Cal. Gov. Code Section 20057(k)(2) ............................................................................. 1, 2, 4, 5

ERISA, Section 502(a) ............................................................................................................... 8

ERISA Section 502(a)(1)(B) ..................................................................................................... 7

Ins. Code Section 4648 .............................................................................................................. 4

Ins. Code Section 19350 ............................................................................................................ 4

Section 501(c)(3) ........................................................................................................................ 4

Section 502(a)(1) ........................................................................................................................ 8

Section 20057 ............................................................................................................................. 6

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

1. STATEMENT OF ISSUES TO BE DECIDED

Plaintiff Linda Wren ("Wren") alleges that she was covered under a Long Term Disability Plan (the "Plan") that Defendant Metropolitan Life Insurance Company ("MetLife") issued to her employer, California Human Development Corporation ("CHDC"), and that MetLife wrongfully denied her benefits under the Plan. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. governs Wren's claims for benefits under the Plan, preempting all of state law claims based on the alleged denial of benefits, including breach of contract and bad faith. Yet, the first and second causes of action of Wren's complaint assert bad faith and breach of contract, respectively. Under clear Federal Law, these causes of action must be dismissed.

Wren attempts to plead her way around ERISA by asserting that CHDC, notwithstanding its private status, is in fact a governmental entity by virtue of Cal. Gov. Code § 20057(k)(2) because it performs services for various California and Federal governmental entities. It is clear, however, that Wren has failed to plead facts that would put CHDC within the ambit of Cal. Gov. Code 20057(k)(2). To be a public agency under section 20057(k)(2), among other things, CHDC must operate a rehabilitation facility for the developmentally disabled, and must fulfill other specific requirements. Wren does not allege that CHDC operates a rehabilitation facility for the developmentally disabled, or that it fulfills any of the other requirements under section 20057(k)(2). Furthermore, it is clear from Federal case law that CHDC's Plan could not fall within the governmental exception unless a governmental entity established or maintained the Plan for its employees. No allegations are made in the Complaint with respect to this.

That Wren herself acknowledges the questionable merit of her attempt to avoid ERISA is eloquently demonstrated by the fact that, as her third cause of action, she has, in the alternative, sought relief under ERISA.[1]

In sum, Wren is attempting to place her case within a narrow exception to ERISA's purview, but has not alleged the facts that would put her within the exception. Therefore, the first

---

[1] MetLife does not seek the dismissal of this third cause of action, and further maintains that ERISA provides the only means by which this cause of action can be asserted.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\240\08pleadings\10 motion 2 dismissv2.doc

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

and second causes of action – Wren's state law claims -- should be dismissed without leave to amend.

2. ALLEGATIONS OF THE COMPLAINT

Wren alleges that MetLife is liable under a theory of bad faith (first cause of action) and breach of contract (second cause of action) for denying disability benefits under the Plan issued by Wren's employer CHDC [Complaint, ¶¶ 1, 7, 10-31]. The Plan is, by its own terms, governed by ERISA. [Declaration of Cindy Broadwater, filed on July 11, 2008 in support of MetLife's Notice of Removal [Docket No. 2] ("Broadwater Decl."), Exh. "A," thereto at page 39.].

Although CHDC is a private not-for-profit corporation, Wren alleges that the Plan is not governed by ERISA because CHDC is, despite its private status, a "governmental entity." [Complaint, ¶ 8]. In this connection, Wren alleges that CHDC is "authorized to carry out certain responsibilities of the State of California and of the United States." [Complaint, ¶ 8, page 3:23-24]. Wren alleges the following "examples" of CHDC's alleged "government-function":

> "CHDC operates a rehabilitation facility on behalf of the California Department of Developmental Services; it provides occupational and placement services on behalf of the United States Department of Labor and the California Department of Employment Development and California Department of Community Services and Development; it provides services on behalf of California's judicial system, including criminal diversion programs and conditional sentencing educational programs, and court-ordered on-site drug testing for convicted offenders."

[Complaint, ¶ 8, pages 3:24-4:4]. Based on this, Wren asserts that CHDC is a eligible for treatment as a governmental entity under Cal. Gov. Code § 20057(k)(2), and further that CHDC's status exempts the Plan from ERISA's jurisdiction pursuant to 29 U.S.C. § 1003(b)(1). [Complaint, ¶ 8, page 4:6-8].

In short, Wren's first and second causes of action rest entirely upon the proposition that Wren's employer, a private entity, is in fact governmental by virtue of the work it performs for the government.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

3.  **THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE THEY ARE PREEMPTED BY ERISA**

    A.  <u>ERISA Governs This Action</u>

        (1)  <u>CHDC's Employee Benefit Plan Falls Within The Definition Of An ERISA Governed Plan</u>

Under ERISA, an employee welfare benefit plan is "*[a]ny plan, fund, or program* which . . . is *established or maintained by an employer or employee organization* . . . to the extent that such plan, fund or program was established or is maintained for the purpose of providing for *its participants or their beneficiaries through the purchase of insurance* . . . or otherwise, (A) medical, surgical or hospital care or benefits *in the event of* sickness, accident, *disability or death* or unemployment . . . ." 29 U.S.C. Section 1002(1) (emphasis added). In short, an ERISA "employee welfare benefit plan" is: (1) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing medical, surgical, hospital, or sickness benefits; (5) to participants or their beneficiaries. *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F. 3d 904, 917 (9th Cir.1997).

Wren's claim for long-term disability benefits is afforded solely by way of the Plan sponsored by CDHC. Wren's Complaint alleges, "[a]s a CHDC employee, Ms. Wren was insured under a Long Term Disability Plan established and maintained by CHDC. In order to effectuate the LTD Plan, CHDC secured a group insurance policy issued by MetLife, which by its terms covered Ms. Wren, and other CHDC personnel against loss of income due to disability. [Complaint, ¶ 7]. The Complaint further sets forth that Defendant "breached the terms of the MetLife policy by failing and refusing to pay benefits ... under the MetLife policy as set forth herein." [*Id*. at ¶ 30]. A true and correct copy of the Plan's governing Summary Plan Description ("SPD") is attached as Exhibit "A" to the Broadwater Declaration.

Thus, it is clear from Wren's Complaint and the documents to which it refers that the Plan meets all of the statutory elements for an ERISA-governed employee welfare benefit plan:

- *"plan, fund or program"* : The Plan and its constituent documents, including CHDC's Summary Plan Description, the relevant portions of which are attached as

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

          Exhibit; "A" to the Broadwater Declaration;

- *"established or maintained"*: The formation and continued existence of the Plan;
- *"by an employer"*: California Human Development Corporation;
- *"providing various types of prescribed benefits"*: Long-term Disability Benefits;
- *"to participants or their beneficiaries"*: The employees of CHDC, including Wren.

Thus, it is clear that ERISA governs the Plan.

        (2)   <u>The Plan Does Not Fall Within The Narrow Governmental Exception</u>

Despite the clear jurisdiction of ERISA in this case, Wren argues that the Plan is a "governmental plan" subject to an explicit statutory exception to ERISA coverage. 29 U.S.C. § 1003(b)(1). Pursuant to 29 U.S.C. § 32:

> "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."

Wren asserts that ERISA does not govern because CHDC is an agency pursuant to Cal. Gov. Code § 20057(k)(2). But Wren's Complaint fails to allege facts sufficient to put the CHDC within the ambit of 20057. Section 20057(k)(2) provides, in relevant part as follows:

> "Public agency" also includes the following: . . .
>
> (k) (2) A public or private nonprofit corporation, exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, that operates a rehabilitation facility *for the developmentally disabled and provides services under a contract with either (A) a regional center for the developmentally disabled*, pursuant to paragraph (3) of subdivision (a) of Section 4648 of the Welfare and Institutions Code, *or (B) the Department of Rehabilitation*, pursuant to Chapter 4.5 (commencing with Section 19350) of Part 2 of Division 10 of the Welfare and Institutions Code, upon obtaining a written advisory opinion from the United States Department of Labor as described in Section 20057.1.

(emphasis added). Thus, to be a public agency under section 20057(k)(2), CHDC must operate (a) a rehabilitation facility, (b) *such facility must be for the developmentally disabled*, and (c) *must provide services under contract* with either a regional center for the developmentally disabled pursuant to Cal. Welf. Ins. Code § 4648 or with the Department of Rehabilitation under Welf. Ins. Code § 19350 et seq. upon obtaining a written opinion from the United States Department of Labor.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

Wren's Complaint satisfies only one of the above elements. It alleges that CHDC operates a rehabilitation facility, but does not allege any other facts that would satisfy the elements of section 20057(k)(2). [Complaint, ¶ 8]. Thus, Wren does not allege that the rehabilitation facility CHDC operates is *for the developmentally disabled*, nor does Wren allege that CHDC provides services *under contract with the entities identified in section 20057(k)(2)*. The other ancillary facts Wren alleges – e.g., that CHDC provides occupations and placements services on behalf of the United States Department of Labor, and so on (See Complaint, pages 3:26 to 4:4) – have nothing to do with section 20057(k)(2)'s very narrow definition of an agency. Thus, it is clear that Wren has failed to allege facts sufficient to put CHDC within the ambit of section 20057.

Furthermore, Wren does not allege in her complaint that CHDC's mere performance of work for the government is sufficient in and of itself to trigger the governmental exception to ERISA. There is good reason for this omission. Case law is clear that the mere fact that a private entity performs actions for or in connection with government entities is not sufficient to render its privately-established Plan a "governmental plan." Thus, in *McGraw v. Prudential Insurance Co.*, 137 F. 3d 1253, 1257 (10th Cir. 1998), the court held that health plan of a private employer was not exempt from ERISA, even where, as plaintiff there alleged, a public agency in fact supervised the employees' work, owned all of the equipment utilized by the employees, purchased all supplies, and held the relevant licenses permitting the employees to perform their work. *Id.* As the court there explained, "[c]oloring an employee's work with a governmental aura . . . cannot substitute for addressing the core of the inquiry: Did [the public agency] . . . establish and maintain the Plan?" *Id.* In sum, it is the *"employment relationship"* that determines whether a Plan is governmental; that is, where a private entity "relates to its employees as it would a private business" and where "the employees are not subject to the laws governing public employees generally," then the governmental exception to the ERISA preemption cannot be invoked. *Id.* (citing *Alley v. Resolution Trust Corp.*, 984 F. 2d 1201 (D.C. Cir. 1993)). In *McGraw*, the government did not establish the Plan, did not purchase the Plan, and did not directly employ the employees. Thus, notwithstanding the fact that the employer performed many tasks for and even controlled by the government, the key

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-5-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

question was whether the governmental agency controlled the Plan. As it did not, the governmental exemption could not be invoked.

As explained in *Alley v. Resolution Trust Corp.*, *supra*, 984 F. 2d at 1206, the governmental exemption does not apply where the employer "relates to its employees as would a private business – an entity whose employees are not subject to laws governing public employees generally." This is because public employees subject to civil service rules and benefits are covered under a public employee benefit scheme, and therefore did not need ERISA. *Id.* Thus, it is clear that, even if CHDC were in fact an "agency or instrumentality" of California under Section 20057 (which it is not), that would still not mean that CHDC's LTD Plan falls within the governmental exception; the key question is whether CHDC's employees are treated as public employees. Wren does not allege that they are.[2] *See also, Bast v. Prudential Insurance Company of America*, 150 F. 3d 1003, 1006 (9th Cir. 1998) (notwithstanding governmental involvement in the activities of the private entity, the Plan established for the entity's employees was not a governmental Plan because the Plan was established and paid for by the entity, not the government.) (*citing McGraw v. Prudential Ins.*, *supra*); *U.S. v. Rodrigues,* 237 Fed. Appx. 178 (9th Cir. 2007) (union's Plan did not fall under governmental ERISA exemption where government had no direct involvement in Plan and provides minimal funds); *Hanson v. United Life Insurance Company*, 170 F. Supp. 2d 966, 974 (C.D. Cal. 2001) (the government "must actually have 'established or maintained' the plan for [the governmental] exception to apply.")

Again, Wren does not allege that any governmental entity has any involvement in CHDC's LTD Plan, let alone that CHDC's employees are treated as civil servants. Rather, Wren alleges merely that CHDC performs work for governmental entities. Pursuant to the above authority, it is clear that such allegations are insufficient to put CHDC within the governmental exception to ERISA. Indeed, Wren's allegations imply that ***no governmental entity has established or maintains the Plan***, since by Wren's allegations no single governmental entity has any particular predominance over CHDC; rather Wren alleges that it performs work for the California Department

---

[2] MetLife is informed and believes that CHDC's employees are not subject to any governmental or civil services regulations. Therefore it anticipates that Wren would not be able to amend her

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

of Developmental Services, the United States Department of Labor, the California Department of Employment Development, and California Department of Community Services and Development. (Complaint, ¶ 8). But "[c]oloring an employee's work with a governmental aura" does not, as *McGraw* informs us, convert CHDC's Plan to an ERISA-exempted governmental Plan. Further, the Plan clearly states, by the terms of its SPD, that it is an ERISA Plan, and is governed by ERISA. [Broadwater Decl., Exh. "A," at page 39]. The Summary Plan Description contains language that it, as an ERISA Plan, is statutorily required to provide. Under these circumstances, it is clear that ERISA applies.

        B.    <u>Because ERISA Governs This Action, State Law Claims Are Preempted And Should Be Dismissed</u>

ERISA explicitly preempts state laws to the extent that they relate to employee benefits not exempt from federal regulation. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). ERISA's preemption clause is broad in its force and effect: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . ." 29 U.S.C. Section 1144(a). In *P.M. Group Life Insurance v. Western Growers Assurance Trust*, 953 F.2d 543, 545 (9th Cir. 1992), the Ninth Circuit explained that "ERISA contains one of the broadest preemption clauses ever enacted by Congress." The United States Supreme Court has echoed that comment, noting that ERISA's preemption clause is to be construed broadly. *See Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510 (1981); *see also Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) (ERISA's preemptive authority sweeps broadly to preclude the application of provisions of state law (statutory or decisional) that would undercut the uniform implementation of ERISA's text or its attendant case law); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004) ("We hold that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B)").

The Supreme Court has also noted that ERISA provides a comprehensive, and therefore exclusive, mechanism for employees to enforce their rights, bring claims and monitor their

complaint to allege such facts.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-7-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

fiduciaries, as well as specific remedies for parties that prevail. *Pilot Life, supra*, at 52-56. The comprehensive enforcement schemes set out in ERISA, §502(a), "represent a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Id.* at 54. As the Supreme Court further explained, the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. *Id. See also, Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (suit by beneficiary to recover benefits under an employee benefit plan/insurance policy "falls directly under §502(a)(1) of ERISA, which provides and exclusive federal cause of action for resolution of such disputes"). Accordingly, to the extent Wren has any right of recovery in this action, it must lie under the exclusive civil enforcement provisions of ERISA or not at all.

Under ERISA, the central question is whether the state law claim "relates to" an employee benefit plan. If it does, the state law cause of action is preempted. As applied to this case, Wren's state law causes of action undeniably "relate to" the plan. In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983), the phrase "relates to" was given its broad, common-sense meaning, such that a state law relates to an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan."

In this case, Wren's first two causes of action (for bad faith and breach of contract) relate to an employee pension benefit plan. First, the claims undeniably have a "connection with" the Plan because the Plan is the only means by which Wrens can recover the additional retirement benefits at issue. Stated directly, but for the Plan, no claims exist and those claims rise or fall with the Plan itself. Second, Wren's claims also have a "reference to" the Plan, in that the Complaint specifically refers to the Retirement Plan at issue. See Complaint, ¶¶ 10, 17, 19, 20, 28.

ERISA defines the term "State law" broadly to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Recognizing ERISA's broad preemption powers, courts, including the Ninth Circuit, have consistently held that state law claims such as those asserted here are preempted by ERISA. *See,*

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-8-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

*e.g.*, *McBride v. PLM International, Inc.*, 179 F.3d 737, 744-45 (9th Cir. 1999) (claim for breach of the implied covenant of good faith and fair dealing preempted by ERISA); *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 493-94 (9th Cir. 1988) (recognizing that under Pilot Life "state common law causes of action arising from the improper processing of a[n] [insurance] claim are preempted by [ERISA]"); *Cohen v. Health Net of Cal., Inc.*, 129 Cal. App. 4th 841 (2005) (affirming summary judgment on the grounds that state law claims for bad faith, violation of section 17200 and other causes arising out of alleged wrongful denial of benefits were preempted by ERISA); *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390-91 (9th Cir. 1995) (state law claims of estoppel, waiver, breach of contract, quasi estoppel, and bad faith are preempted by ERISA); *see also Nevill v. Shell Oil Co.*, 835 F.2d 209, 211-12 (9th Cir. 1987); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356-57 (9th Cir. 1984), cert. denied, 474 U.S. 865 (1985); *Roberson v. Equitable Life Assur.*, 661 F. Supp. 416, 418 (C.D. Cal. 1987).

Furthermore, because Congress used the phrase "relate to" in its broad sense, the Supreme Court has "emphasized that the preemption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Pilot Life*, *supra*, at 47-48. In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 87, 98 (1983), the phrase "relate[s] to" was given its broad common-sense meaning, such that a state law relates to an employee welfare benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Thus, the preemption clause should not "be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA – reporting, disclosure, fiduciary responsibility, and the like"

Here, Wren's state law claims have a "connection with" the Plan because the Plan is the only means by which she can recover the benefits at issue. Wren's claims rise – or fall – with the Plan itself: But for the employee welfare benefit plan, no claims exist. The contract MetLife is alleged to have breached is the Plan, and the alleged bad faith likewise arises from a breach of the Plan. [Complaint, ¶¶ 21, 29, 30]. In addition, Wren's claims also have a "reference to" the Plan and its underlying Policy in numerous instances, in that her Complaint specifically refers to the disability coverage at issue. [E.g, Complaint, ¶¶ 21, 30]. Lastly, the Complaint not only "refers to"

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-9-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

1 and "relates to" an ERISA plan, Plaintiff's Complaint in the alternative in fact sets forth a cause of
2 action to recover the disputed long-term disability benefits under an ERISA theory of recovery.

### C. Leave To Amend Should Be Denied

Here, Wren's breach of contract and bad faith causes of action cannot survive unless she establishes that the LTD Plan is within the governmental exception to ERISA. MetLife maintains not merely that Wren has failed to allege facts sufficient to put the LTD Plan within the governmental exception, but that Wren is unable to make such allegations because the facts are contrary; CHDC's LTD Plan is established by CHDC, and CHDC is not a governmental entity. Under these circumstances, dismissal should be without leave to amend. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (dismissal without leave to amend is appropriate if it is clear that "the complaint could not be saved by any amendment.")

### 4. CONCLUSION

For the foregoing reasons, MetLife respectfully requests that its motion to dismiss be granted without leave to amend.

DATED: August 18, 2008

BARGER & WOLEN LLP

By: _____
ROYAL F. OAKES
MICHAEL A.S. NEWMAN
Attorneys for Defendant
Metropolitan Life Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-10-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

11 | LINDA WREN,                          ) CASE NO.: CV 083361
                                          )
12 |          Plaintiffs,                 ) **[PROPOSED] ORDER GRANTING**
                                          ) **DEFENDANT'S MOTION TO DISMISS**
13 |    vs.                               ) **PLAINTIFF'S FIRST AND SECOND**
                                          ) **CAUSES OF ACTION AS SET FORTH IN**
14 | METROPOLITAN LIFE INSURANCE          ) **THE COMPLAINT**
   | COMPANY; and DOES 1 through 50,      )
15                                        )
   |          Defendants.                 )
16                                        )
                                          )
17                                        )
                                          )
18                                        )
                                          )
19
20
21
22
23
24
25
26
27
28

i:\office7\7197\240\08pleadings\wren motion to dismiss - order.doc

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2600

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION AS SET FORTH IN THE COMPLAINT

1  The motion of Defendant Metropolitan Life Insurance Company ("MetLife") to dismiss the
2  Plaintiff Linda Wren's ("Plaintiff") first and second causes of action in the Complaint came on
3  regularly for hearing before this Court on _____, 2008. Appearances of counsel were
4  noted in the record.

6  After considering the moving, opposition and reply papers, arguments of counsel and all
7  other matters presented to this Court, for good cause appearing, **IT IS HEREBY ORDERED** that
8  MetLife's motion is granted, as Plaintiff's first and second state law causes of actions are preempted
9  by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1001 *et seq.*
10 Specifically, the Court finds that Plaintiff's claims relate to an employee welfare benefit plan
11 established, maintained and sponsored by California Human Development Corporation and are not
12 otherwise saved from preemption.

14 **IT IS SO ORDERED.**

17 DATED:_____

    _____
    UNITED STATES DISTRICT JUDGE

19 Submitted by:

20 BARGER & WOLEN LLP

22 ROYAL F. OAKES
   MICHAEL A. S. NEWMAN
23 Attorneys for Defendant
   Metropolitan Life Insurance Company

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

- 1 -
[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND
CAUSES OF ACTION AS SET FORTH IN THE COMPLAINT